## Whitehead and Others *v.* Pitcher and Others.

Several persons became sureties for *A.*, and to indemnify them *A.* executed a chattel mortgage to the sureties, jointly. The sureties paid nearly equal sums, and upon the abandonment of the property by *A.*, a part of the sureties brought suit to sell the property to reimburse themselves, making the other sureties defendants. These defendants made default. The Court appointed a receiver to sell the property, and bring the proceeds into Court for distribution. *Held*, that in the distribution, the entire proceeds could not be applied in satisfaction of the amounts paid by the plaintiffs, but that they must be distributed *pro rata* among all the mortgagees.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—In 1853, *Abijah W. Pitcher* and eight other persons became sureties of *Robert L. Browning* in the sum of about 6,000 dollars. To indemnify those sureties, *Browning* executed to them, jointly, a mortgage on the furniture in the *Madison* hotel. The mortgage was duly recorded. The sureties paid, in nearly equal sums severally, the 6,000 dollars owed by *Browning*. *Browning* seems subsequently to have abandoned the hotel, leaving the furniture in it, and the hotel proprietors leased the same to *Culver Woodburn*. A part of the mortgagees of the furniture were proprietors of the hotel building, and did not desire to proceed, at the time this suit was commenced, to sell the furniture to reimburse themselves the

*Nov. Term, 1859.*

WHITEHEAD
v.
PITCHER.

*Wednesday, November 30.*

money paid for *Browning*. The others desired to so proceed, and they commenced this suit, making their co-mortgagees defendants with *Browning*. The defendants did not appear to resist the suit, but made default. The Court appointed a receiver to take possession of the property, sell it, and bring the proceeds into Court for distribution, which was done. At the distribution, the plaintiffs claimed that they were entitled to have the entire proceeds of the sale of the property applied in satisfaction of the amounts they had paid for *Browning*, while the co-mortgagees, defendants, claimed that the proceeds should be distributed *pro rata*, to the amounts severally paid, among all the co-sureties and mortgagees. The Court gave the entire proceeds of the sale to three of the nine co-mortgagees, being the three who were plaintiffs.

There are cases where creditors may obtain priority of lien and payment by priority in institution of suit. But these are where no lien has been, or can be, acquired at law. *Hubbs* v. *Bancroft*, 4 Ind. R. 388.—*Butler* v. *Jaffray*, 12 *id.* 504. The case at bar is not such an one. Here a lien had been acquired at law by express contract. A mortgage had been taken and put upon record. There is nothing showing an abandonment, a waiver, or a forfeiture of that lien. How could the parties holding be deprived of it?

The amounts paid by the co-sureties were not paid out of a common fund, but each raised money to pay his proportion; and the amounts they thus severally paid, became separate demands against *Browning*, for which several suits could, and perhaps should, have been brought. 1 Swann's Pr., p. 41, and note 41. And each surety had a vested interest in the mortgage, to the amount of his payment. How could he be deprived of this for the benefit of a co-surety?

Whether the judgment ordering the sale of the whole property on the application of a part of the mortgagees, instead of their interest in it, was right, we need not inquire. It was acquiesced in by the other mortgagees, and they simply asked to receive, out of the proceeds of the

sale, the rateable proportion they were entitled to on the payments the record showed they had made. The Court put its refusal to allow such distribution on the ground that it would be inconsistent with the judgment which had been rendered at a previous term on default. We do not think it would have been; but if it would, perhaps that judgment, thus construed, is so palpably erroneous on its face, as to justify its reversal.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*M. G. Bright*, for the appellants.

*S. C. Stevens*, for the appellees.